Dear Mr. Lawrence:
You have requested an opinion of the Attorney General, in your capacity as City Attorney for the City of Bastrop, LA (the "City"). You specifically ask whether the City, without legislative approval or a vote of the electorate, can impose a transfer tax on all real estate transfers that occur within the corporate limits of the City, with the obligation to pay said tax imposed upon the transferor and/or transferee of immovable property located within the City. In addition, you ask whether the City, without legislative authority or a vote of the electorate, can impose an impact fee upon all new requests made to the City for building or renovation permits, to defray the expenses incurred by the City that are associated with new construction within its corporate limits. You state that both measures proposed are sought for the purpose of generating revenues for the City. In answer to your questions we refer you to Article VII, Sections 1 and 2, and Article VI, Section 30 of the 1974 Louisiana Constitution (the "Constitution").
Article VII, Section 1. Power to tax; public purpose
§ 1. Except as otherwise provided by this constitution, the power of taxation shall be vested in the legislature, shall never be surrendered, suspended, or contracted away, and shall be exercised for public purposes only.
 Section 2. Power to tax; limitation
§ 2. The levy of a new tax, an increase in an existing tax, or a repeal of an existing tax exemption shall require the enactment of a law by two-thirds of the elected members of each house of the legislature.
 Article VI, Section 30. Political subdivisions; taxing power
 § 30. (A) A political subdivision may exercise the power of taxation, subject to limitations elsewhere provided by this constitution, under authority granted by the legislature for parish, municipal and other local purposes, strictly public in their nature. . . .
As can be gleaned from the above, the power to tax is reserved for the legislature, except as otherwise provided by the Constitution, and a political subdivision (i.e., the City) may exercise its power of taxation only under authority granted by the legislature and/or the constitution.
We have reviewed the statutory and constitutional provisions pertaining to municipalities, including the City of Bastrop, and can find no authority for the imposition of the transfer tax and/or impact fee. While R.S. 33:4064.5 authorizes the assessment of developmental impact fees by St. Tammany Parish, we find no such authority for the City of Bastrop. You may wish to consider future legislation to authorize the imposition of the two levies contemplated herein. In accord are Attorney General Opinion Nos. 94-36, 92-458, 87-18, 76-1841 and 76-898.
Further, we direct your attention to the case of Audubon Ins. Co.v. Bernard, 434 So.2d 1072 (La. 1983). Therein, the Louisiana Supreme Court held that not every charge or fee by the government constitutes a demand for money under its power to tax. In supporting this proposition, the Court stated:
 If the imposition has not for its principal object the raising of revenue, but is merely incidental to the making of rules and regulations to promote public order, individual liberty and general welfare, it is an exercise of the police power. . . .
 In similar fashion, the police power may be exercised to charge fees to persons receiving grants or benefits not shared by other members of the society.
 . . . But if revenue is the primary purpose for an assessment and regulation is merely incidental, or if the imposition clearly and materially exceeds the cost of regulation or conferring special benefits upon those assessed, the imposition is a tax.
We bring this ruling to your attention as a guideline for the future imposition of any taxes and/or fees the City may elect to impose pursuant to legislative authority.
Accordingly, it is the opinion of this office that the City may not, in the absence of legislative authority, levy and collect a transfer tax and/or impact fee for the purpose of raising revenues.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ ROBERT E. HARROUN, III
Assistant Attorney General
RPI/Rob3/cla
Date Received:
Date Released:
Robert E. Harroun, III
Assistant Attorney General